## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| SUNDAY SUNNY BOYEJO, | : | CIVIL ACTION NO. |
| Cobb Cnty. ID # 865094, | : | 1:17-CV-00685-ODE-JSA |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| COBB CNTY. ADULT DET. CTR., | : | PRISONER CIVIL ACTION |
| DEPUTY EUBANKS, BRADFIELD, | : | 42 U.S.C. § 1983 |
| MCKINNEY, DEE BISSCHOP, | : | |
| LT. GORDON, SGT. GIBSON, | : | |
| DEPUTY MCLEPOY, | : | |
| COLFEE VITTEOTOE, | : | |
| Defendants. | : | |

**MAGISTRATE JUDGE'S FINAL REPORT AND RECOMMENDATION**

Plaintiff, an inmate at the Cobb County Adult Detention Center ("CCADC") in Marietta, Georgia, seeks relief under 42 U.S.C. § 1983. Plaintiff's amended complaint (Doc. 5) is ready for review.

**I.   The Legal Framework**

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that a person acting under color of state law deprived him of a right, privilege, or immunity secured by the Constitution or laws of the United States. *Richardson v. Johnson*, 598 F.3d 734, 737 (11th Cir. 2010).  Title 28 U.S.C. § 1915A requires a federal court to conduct an initial screening of a prisoner complaint seeking redress from a

governmental entity, or from an officer or employee of such an entity, to determine whether the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted, or (2) seeks monetary relief from a defendant who is immune from such relief.  A complaint is frivolous when it "has little or no chance of success"—for example, when it appears "from the face of the complaint that the factual allegations are clearly baseless[,] the legal theories are indisputably meritless," or "the defendant's absolute immunity justifies dismissal before service of process." *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993) (internal quotations omitted).  A complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations omitted).

## II. Discussion

After reviewing Plaintiff's original complaint, the Court ordered him to filed an amended complaint to state a plausible claim for relief. (*See* Doc. 4).  In his original complaint, Plaintiff alleged the following.  On December 8, 2016, Deputy Eubanks assaulted him by slamming him with his cell door, injuring his head and lower body. (Doc. 1 at 3).  At first he was denied medical treatment, although after five weeks he saw a doctor, who recommended surgery, but it was denied because he was planning

2

to report the conditions at the CCADC to outside police at the hospital. (*Id.*). He has been locked in his cell "32 hours each day" to keep him from contacting those on the outside. He has only seen a doctor twice, and only been prescribed aspirin, which was discontinued. He has pain that prevents him from sleeping and constant pain during the day. (*Id.* at 4). He also alleged:

1. Lt. Gordon denied him medical treatment;
2. Deputy Vitteotoe choked and black jacked him on September 8, 2016;
3. Deputy Bradfield bullied and harassed him with serious bodily injury on August 28, 2016;
4. Deputy McElpoy bullied and threatened him on August 28, 2016;
5. Deputies Bisschop and McKinnley used excessive force, choking and racial slurs against him;
6. Lt. Gordon and Sgt. Gibson used racial slurs against him and tampered with video evidence on December 13, 2016.

(*Id.*). Plaintiff asked to be released so that he can have his surgery. (*Id.*).

The Court concluded that, under the *Iqbal* standard, Plaintiff had failed to state a plausible claim for relief:

> Plaintiff's excessive force claims require greater detail regarding the circumstances of the alleged abuse. *See Seibert v. Comm'r, Ga. Dep't of Corr.*, 15-10501, 2017 U.S. App. LEXIS 3247, at *7 (11th Cir. Feb. 23, 2017) (quoting *Iqbal* to the effect that "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice"; and citing *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1293 (11th Cir. 2010), for "dismissing a claim where the allegations were 'conclusory' "). And verbal harassment alone cannot be the basis for a constitutional claim against jail officers. . . . Although

3

> Plaintiff may have stated a plausible claim regarding the denial of constitutionally adequate medical care, he has not named a medical care provider who might be amenable to suit in this action. If it is his contention that Lt. Gordon alone made the decision to deny him medical treatment, he must clarify how that occurred. . . . Finally, because there are not 32 hours in a day, the Court discredits Plaintiff's contention that he has been locked in his cell "32 hours each day" in violation of his First Amendment rights. Plaintiff must also clarify this allegation.

(Doc. 4 at 4-6 (footnote and citation omitted; formatting altered).

Plaintiff did file an amended complaint, but it is virtually identical to his original complaint, except for the 75 pages of extraneous and irrelevant material attached to it. (*See* Doc. 5). In addition, a plaintiff may not use a single complaint to join unrelated claims that do not *both* (a) arise from "the same transaction, occurrence, or series of transactions or occurrences" *and* (b) involve a "question of law or fact common to all defendants." *See* Fed. R. Civ. P. 20(a)(2)(A)-(B); *Skillern v. Ga. Dep't of Corr. Comm'r*, 379 Fed. Appx. 859, 860 (11th Cir. 2010) ("Here, the district court did not abuse its discretion in dismissing [appellant's] case without prejudice because [he] failed to comply with the magistrate's order to comply with Rule 20(a) when he did not show that the claims against the defendants arose out of the same transaction, occurrence, or series of transactions or occurrences but instead claimed that many different transactions and occurrences were related because they showed the

4

defendants' overall indifference to his medical conditions.  The actions of the defendants named by [appellant] appear to be separate incidents, ranging from feeding [him] inedible food to leaving him in isolation to not giving him proper medical care to improperly convicting him of a crime, occurring on different dates, and thus, while [he] alleges that the actions of each defendant showed indifference to his failing health, there appears to be no other alleged connection between the people and events [he] described." (citations omitted)); *Gardner v. County of Baldwin*, No. 12-00639-CG-B, 2013 U.S. Dist. LEXIS 170812, at *7-8 (S.D. Ala. Dec. 4, 2013) ("To determine whether claims arise from the same series of transactions or occurrences under Rule 20(a)(2), courts in the Eleventh Circuit apply the logical relationship test.  Under this test, a logical relationship exists if the claims rest on the same set of facts or the facts, on which one claim rests, activate additional legal rights supporting the other claim.  In other words, there is a logical relationship when the same operative facts serve as the basis of both claims." (citations and internal quotations omitted)); *see also Smith v. Warden, Hardee Corr. Inst.*, 597 Fed. Appx. 1027, 1030 (11th Cir. 2015) ("The district court [] did not abuse its discretion when it dismissed Smith's original complaint for noncompliance with Federal Rule of Civil Procedure 20(a).  A complaint against multiple defendants must allege claims that arise 'out of the same transaction,

5

occurrence, or series of transactions or occurrences' and that involve a 'question of law or fact common to all defendants,' Fed. R. Civ. P. 20(a), but Smith's complaint alleged three unrelated claims against different officials. Smith complained that the Warden, the supervisor of library services, and Connor interfered with his right of access to the courts in violation of the First and Fourteenth Amendments and state law; the Warden and Eugenia Wellhausen, an employee of the Department, conducted unreasonable searches of his cell in violation of the Fourth Amendment; and the Warden, Connor, and Wellhausen supplied inadequate clothing and bedding to protect inmates against the weather in violation of the Eighth Amendment. Smith's status as a *pro se* litigant did not relieve him of the obligation to comply with Rule 20(a).").

### III. Conclusion

It is therefore **RECOMMENDED** that this action be **DISMISSED without prejudice** due to Plaintiff's failure to state a plausible claim for relief; his failure to obey the Court's previous order that he file an *amended* complaint; and his improper joinder of disparate claims, alleging excessive force against a series of defendants without demonstrating any connection between or among the alleged incidents, medical deliberate indifference, illegal conditions of confinement and violations of his First Amendment rights.

The Clerk is **DIRECTED** to terminate the referral to the Magistrate Judge.

**SO RECOMMENDED** this 30th day of May, 2017.

_____
JUSTIN S. ANAND
UNITED STATES MAGISTRATE JUDGE