FILED IN CHAMBERS
U.S.D.C. - Atlanta

AUG 09 2017

James N. Hatten, Clerk
By: [signature] Deputy Clerk

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| SUNDAY SUNNY BOYEJO,<br>Cobb Cnty. ID # 865094,<br>  Plaintiff,<br><br>v.<br><br>COBB CNTY. ADULT DET. CTR., et al.,<br>  Defendants. | : CIVIL ACTION NO.<br>: 1:17-CV-00685-ODE<br>:<br>:<br>:<br>:<br>:<br>: PRISONER CIVIL ACTION<br>: 42 U.S.C. § 1983 |

## ORDER

Now before the Court are the Magistrate Judge's Final Report and Recommendation ("R&R") (Doc. 6) and Plaintiff's objections thereto (Doc. 8).

In reviewing a Magistrate Judge's R&R, the district court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). "Parties filing objections to a magistrate's report and recommendation must specifically identify those findings objected to. Frivolous, conclusive, or general objections need not be considered by the district court." *United States v. Schultz*, 565 F.3d 1353, 1361 (11th Cir. 2009) (quoting *Marsden v. Moore*, 847 F.2d 1536, 1548 (11th Cir. 1988)) (internal quotation marks omitted). Absent objection, the district court judge "may accept, reject, or modify, in whole or in part, the findings and recommendations made

by the magistrate [judge]," 28 U.S.C. § 636(b)(1), and "need only satisfy itself that there is no clear error on the face of the record" in order to accept the recommendation. Fed. R. Civ. P. 72, advisory committee note, 1983 Addition, Subdivision (b). In accordance with 28 U.S.C. § 636(b)(1) and Rule 72 of the Federal Rules of Civil Procedure, the Court has conducted a *de novo* review of those portions of the R&R to which Plaintiff objects and has reviewed the remainder of the R&R for plain error. *See United States v. Slay*, 714 F.2d 1093, 1095 (11th Cir. 1983).

The Magistrate Judge reviewed Plaintiff's initial complaint and gave him an opportunity to amend it to allege a plausible claim for relief, stating:

> Plaintiff has *perhaps* stated a plausible excessive force claim against Deputies Eubanks and Vitteotoe, but not against any of the other named Defendants. Indeed, in order to proceed, all of Plaintiff's excessive force claims require greater detail regarding the circumstances of the alleged abuse. *See Seibert v. Comm'r, Ga. Dep't of Corr.*, 15-10501, 2017 U.S. App. LEXIS 3247, at *7 (11th Cir. Feb. 23, 2017) (quoting [*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)] to the effect that "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice"; and citing *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1293 (11th Cir. 2010), for "dismissing a claim where the allegations were 'conclusory' "). And verbal harassment alone cannot be the basis for a constitutional claim against jail officers.

(Doc. 4 at 4-5 (citation omitted)). The Magistrate Judge also stated:

> Although Plaintiff may have stated a plausible claim regarding the denial of constitutionally adequate medical care, he has not named a medical

2

care provider who might be amenable to suit in this action. If it is his
contention that Lt. Gordon alone made the decision to deny him medical
treatment, he must clarify how that occurred.

(*Id.* at 6).

Plaintiff filed a virtually identical "amended" complaint (Doc. 5), except for the voluminous but irrelevant material attached thereto (*see id.* at 11-81), and the Magistrate Judge has recommended dismissing that complaint without prejudice

> due to Plaintiff's failure to state a plausible claim for relief; his failure to
> obey the Court's previous order that he file an amended complaint; and
> his improper joinder of disparate claims, alleging excessive force against
> a series of defendants without demonstrating any connection between or
> among the alleged incidents, medical deliberate indifference, illegal
> conditions of confinement and violations of his First Amendment rights.

(Doc. 6 at 6).

Plaintiff's "objections" are a restatement of his initial claims for a third time, along with an attempt to add new claims and new defendants. (*See generally* Doc. 8). Plaintiff has not filed a specific objection to the Magistrate Judge's R&R, and the Court declines to consider the new allegations in his objections because Plaintiff did not present those allegations to the Magistrate Judge, even though he was given a second opportunity to do so. *See Williams v. McNeil*, 557 F.3d 1287, 1292 (11th Cir.

3

2009) ("hold[ing] that a district court has discretion to decline to consider a party's argument when that argument was not first presented to the magistrate judge").

Plaintiff's objections (Doc. 8) are therefore **OVERRULED**. The Court **ADOPTS** the Magistrate Judge's Final Report and Recommendation (Doc. 6) as the **ORDER** and **OPINION** of the Court, and **DISMISSES with prejudice** Plaintiff's complaint, as amended (Docs. 1, 5), for the reasons stated in the R&R.

**SO ORDERED** this ___8___ day of August, 2017.

_____
ORINDA D. EVANS
UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/82)